Our final case for argument is 23-1494, Apple, not final, but final of these three. Apple v. Gesture, is it Colella? Colella. Colella, please proceed. Your Honors, and may it please the Court, Abby Colella for Appellant Apple. This is a straightforward obviousness case that was thrown off course when the Board found that the man reference is not an alabasart and cannot even be considered in Apple's obviousness combination. The Board reached its conclusion by erroneously limiting the patent's field of endeavor to devices that already employ camera-based sensing of human input. But that's the patent's point of novelty over prior art and thus an impermissibly narrow field of endeavor under this Court's case law. Procedurally, the Board violated the APA by relying on argument about which Apple had no notice and no opportunity to respond. No party had ever disputed Apple's position that the patent encompassed all camera systems controlled by human gesture. Nobody had suggested that the patent was only within this narrow field limited to camera-based sensing of human input. So Apple had no occasion to explain below why that narrow field of endeavor adopted by the Board cannot be correct. Turning to that issue, this Court has made clear that a patent's field of endeavor should be broadly defined. It should encompass the patent's full disclosure. And that makes sense given the purpose of analogousness, which is just to assess whether a reference is so remote from the invention. Let me just make sure I understand your argument, just the scope of it. So you're definitely, you cannot rely on the second part of the analogous art test. That is that the patent and the claim is directed to the same problem as the claims, right? Yes, Your Honor. We don't think that that's a really good fit for this situation. So you did not argue that? We did not argue that. And then on Claim 1, for example, which I might view as being quite broad, you have an interpretation that the wearing clause requires optical detection of gestures, right? We definitely believe that the claims here do require optical detection of gestures. Okay. That said, the field of endeavor isn't limited to exactly what is claimed. It's supposed to encompass... So what are the different things that the case law says you're supposed to look at? You're supposed to look at things like the abstract, what the patent might say is the field of the endeavor, the claims.  And I mean, there's cases here where we're talking about encompassing the full disclosure. And definitely this Court has emphasized that it's a flexible test, meant to get at what kind of things the inventor of this patent might... I agree with you on that. My concern is that, as argued below, there was an inflexible approach, and not a lot said by the petitioner in this case, about in the response brief, for example. Maybe he didn't have to say much in the petition, but once it was raised as an issue, then not much was said. Madam, I'd point to the way in which GestureTech raised this as an issue, because they didn't in their patent... Well, in the preliminary response and in the institution decision, nobody raised it at all. Everybody implicitly accepted that this is all prior art. Then when they raised it in the patent owner's response, what they basically said is that it was improper to not identify a field of endeavor. It was kind of a procedural argument saying, you know, you have to use... What did you say in response? I mean, that's really what we have to focus on at this point on appeal, right? Sure. In response, we identified a field of endeavor for the patent, which is what GestureTech had falsed us for not doing. It's true that... Isn't it that the board didn't agree? It's a fact question, right? The board didn't agree with your field of endeavor, your proposed field of endeavor, right? It's true that it's a fact question and that the board didn't agree, but I think the reason why the board didn't agree is because it kind of misunderstood the nature of what a field of endeavor has to be. I think the board's conclusion is based on the assumption that a field of endeavor has to be only one thing for every patent. It's, you know, one set. But what did you say it should be? You had only one thing as well, and it was a pretty narrow thing. So we said that the field of endeavor is a camera system controlled by human gesture input. That's pretty narrow. I mean, it could have been the field of endeavor is a portable device that has two cameras, right? So, I mean, I think that that also— I don't know that I would think that would be the field of endeavor for this patent, but you're right. There are lots of different ways that— See, one of the problems, and I unfortunately see this a lot, is on appeal you're making what sound like good arguments, but they weren't made before the board. I understand you went to counsel before the board. I get that. But before the board, you didn't flush any of this out. You treated it in a super superficial way, even though the patent owner did challenge the question of the field of endeavor, and you didn't flush anything out. And the board is then looking at it and saying, well, this makes no sense. You said the field of endeavor is one thing with regard to the Aviv private reference and a totally different thing with regard to the Mann private reference, and if it's what you say it is with regard to Aviv, it doesn't include Mann. If it's what you say it is with regard to Mann, it doesn't include Aviv. You have the burden of proof on this issue. You proposed to the board two different fields of endeavor, and if they adopt this one, this prior art's excluded. If they adopt the other one you proposed, this prior art's excluded. How do you fault the board in that scenario? I understand you want the attorney before the board. So trust me, I get that. You're stuck defending it, but your client made the choice to make that argument, and the board threw its hands up in the air and says, when you offer this on the burden of proof, I'm sorry, but you failed to meet your burden of proof under these circumstances. That's really hard for me to smack the board. Under those circumstances, it's, ah, board, you're the one that got it wrong. So why don't you give a shot at dealing with that? Why don't I point to a few things? First of all, the point that the board is making there, these two things are contradictory. First of all, it wasn't raised by, that is not an argument that Jester Tech made. Stop it. Stop it. The board has to decide this, and you have the burden of proof, and they said you didn't identify a field of endeavor that put the board into this situation where they've got to figure out what the field of endeavor is, and that's when they realize you've offered two conflicting fields of endeavor that are Venn diagrams with zero overlap between them. So the prior art references can't, the two different prior art references, you say in the same petition, don't both fall into either field of endeavor, and that's your burden. You know what, they cannot raise it at all, and the board can still conclude you failed to meet your burden on something. Well, you know, why don't I try to convince you that these, the prior art references do fall into the field of endeavor? The board found it's a factual matter they didn't, so you can't just try and convince me. You've got to prove that they made a mistake by substantial evidence. And there is substantial evidence for that conclusion. So here's what I'd say. They're saying that the field of endeavor for the patent, the thing that we cited is not within the field of camera systems controlled by gesture input, but the entire patent from the beginning to end is describing the use of cameras to capture human gestures. I mean, it's no, it's describing the use of cameras solely to capture movement, not all human gestures, not touching, not stylus, not that form of gesture from start to finish. The word optical appears like 16 times. Every claim is limited to it. It's in the title. It's in the abstract. It's everything. They're claiming a camera's capturing of optical movement and that optical movement then actuating some processing step. Yes. The way that they're claiming that is by using that to replace other forms of gesture input. They're saying in the... You know what that goes to? The part you waved. What did they say about the other forms? Little kids' fingers, they can't hold a stylus. Fingers are too fat to effectuate the pop-up touchscreen. They have a whole section. The only section you pointed to, which you didn't point to before the board, but you did point to us, the column, whatever, 57, it's all about why it would be beneficial to use optical gesturing as opposed to physical gesturing. It sounds an awful lot like the problem that one was trying to solve, that you didn't argue and you waved. I'm frustrated because you know what? I'm seeing IPR after IPR on appeal. This is an example of which. Where you did a bad job at the petition before the board. A bad job. And then you come up to us, faulting the board for your bad job. Again, I know it wasn't you. I think that with analogous art, though, you're in a specific situation where there's no affirmative obligation to make a showing on this. I mean, Red Apple was... Actually, you have the building proof. Sure, but where in that concept do you think you don't have an affirmative showing? This court said in the Sanofi case that a petitioner has no... I'm going to find an actual language here. A petitioner is not required to anticipate and raise analogous arguments in the petition. Even the board here recognized that in many cases, there's no need to say anything about analogous arguments in the petition. Once it was raised, then you have a burden to respond. And I guess the point I'm making here is that we did respond to the arguments they made. They didn't argue that this is not an appropriate field of endeavor for the 924 patent. They never said the 924 patent is not directed to camera systems controlled by gesturant. But what they said is that it was improper not to identify a field of endeavor. It was... Even when you get to the surreply, what they actually say with respect to Mann is that it was improper... Petitioner's reliance on a single generic statement to identify Mann's field of endeavor is improper. Petitioner has not established that Mann's proper field of endeavor, and thus has not established that Mann is an analogous art. They're implicitly accepting our field of endeavor with respect to the patent. And the arguments they made...  Well, I'm just going to say this for your client's benefit, not yours, and all clients' benefits. I understand why you're here arguing this on appeal. I understand that there are estoppel consequences to failed IPR attempts in district court litigation. Do a better job in your petitions. Um... Well... I'll probably end up on some blog somewhere. No, I will. Um... I guess that... I take your point that this definitely was not developed below as personally as it has been on appeal. But that doesn't change the fact that the field of endeavor that the board identified just can't be correct here. And for that, I'd just point you to the prosecution history. I mean, this is a case where the claim that became Claim 1 here originally just claimed the camera hardware, just the two-camera situation. There was no discussion of this camera control functionality. That was rejected based on the Silverbrook reference, which, again, was just hardware, no camera-based control. And then the inventor amended the claim to add the camera-based control. One thing I was thinking when I was looking at this is I looked at Claim 1, and it looked fairly broad to me. And I thought it was very odd that the board's field of endeavor might be broader than the claim. But then I saw your claim construction, and your claim construction is very narrow. And your claim construction is that it requires optical sensing of gestures. Your Honor, this has been pretty clear that the field of endeavor can be and should be broader than the claim. I guess I'd point you to Inouye Metki, where the claims required providing access to the Internet specifically. But the court affirmed that the field of endeavor has to encompass all sorts of communications media. The board would agree with you. Isn't that at most a vacate remand? I definitely, Apple, would not object to having the board consider that in the first place. At this point, you would jump at anything. Let me just say one other thing. Your argument about the list of prior art references was waived. You didn't make it before the board. And so respond. Why was it not waived? It wasn't waived because that's responsive to the field of endeavor that the board identified, which GestureTech had never raised. So it's responsive to an argument that we had no notice of and no opportunity to respond to. But wouldn't that then be an APA argument? Because you can't possibly expect me to make a fact-finding argument. Yes, and we made an APA argument then. You can't possibly expect me to make that fact-finding on appeal about the disclosure of the prior art reference. It would be absolutely correct for it to remand for the board to give Apple an opportunity to respond to those points. And you do understand that the argument that you made is dramatically overly broad and legally inaccurate. Let me explain that to you, and then you can respond to it. I'm not saying prior art references cannot be considered, although I don't think we have a piece of precedent that has ever said they should be in assessing the relevant field of endowed. But who creates? How does the list end up on the front of a patent? All the list of items on the front of a patent, how does it end up there? Through the examination of the patent. What does that mean? Could you speak up? What did you say? Through the examination of the patent. How do they end up? The list of prior art references on the front of a patent, how did they get there? The examiner is doing a search for prior art. No. Everything you included in IDS and everything the examiner searched for gets on there. So sometimes what happens is patent owners will dump hundreds of references on examiners. How long do you think examiners have to review every single piece of prior art? How long do you think they have to prosecute an application? I don't know the details. It's only a few hours, and it doesn't matter how long the application is. And the point I'm trying to make is what gets put on the front page of the patent is everything that was in the IDS and everything the examiner's own search file. So the notion that all of those documents constitute or form or automatically need to be encapsulated by a concept of the field of endeavor would be really problematic because that list can get propagated in a number of ways and can include wildly disparate references. But sometimes they can go to problems the inventor was trying to solve, but not necessarily the field of endeavor. So the problem is the notion that everything listed on the front page of the patent that was prior art, that was potentially, air quotes, considered by the examiner, has to be within the field of endeavor is definitely a legally flawed argument. But anyway, we'll end on that. May it please the Court, Fred Williams for the Appley Gesture Technology Partners. Your Honors, I don't have a lot to add. I'd be happy to answer any questions the Court has for us. No. Why isn't this in the field of endeavor? Sorry. I'll let you jump in. That's close to my question. You're asking why my man is not in the field? No. I believe that the correct field of endeavor for the 924 patent, which the Board found on substantial evidence, should include optical-based sensors, sensing. Why? Well, it's explicit throughout the patent itself in the title of the patent and the abstract throughout the specification. What about the claim? And in the claim, optical-based sensing. It's everywhere. And in fact, Apple, in its opening brief, three times concedes that optical-based sensing is the consistent focus of the patent. But what about our case law, for example, Big Ego, that says that you're not supposed to take the point of novelty and make that the field of the invention? I mean, if you look at the NPEP or different things about what the field of invention is and what analogous art is, you're not supposed to look at what is the focus, what is this invention that was developed and limit the field of the invention to that. I believe our position is fully consistent with Big Ego, Your Honor. The correct look at the field of endeavor should include the claims. I agree that the field of endeavor should not be as narrow as the point of novelty. I don't agree with Apple that the point of novelty of this patent, the 924 patent, is the camera-based sensing. The point of novelty is the what? I don't agree. What is the point of novelty? Well, I think the point of novelty is a handheld device, a portable or handheld device with a specific arrangement of cameras with non-overlapping views. Okay, so just to be clear, and, I mean, if that's the point of novelty, that can't be the field of endeavor, right? Because, obviously, that would be the field of one, your patent. So there would be no prior art. But the board held computer devices that optically sense, right? Yes. So that doesn't, it's not limited to handheld? That's right. It could be any kind of computer invention that does optical sensing. That is what the board found. All it has to do is use the camera, a computer that uses a camera to sense something. For this patent, it's a specific arrangement of multiple cameras with non-overlapping. No, that's not, I'm asking you what the board found in the field. I'm trying, these are softballs. Please don't misinterpret me. I'm sorry, I misunderstood. The board, what precisely did the board find was the field of endeavor? What I'm trying to help you do is to demonstrate how broad it is and how it's not limited to just your invention. Excuse me one moment. The board found, this is Appendix 15, we agree with the parties that the 924 patent is directed to computer devices that optically sense human input using one or more cameras. Right, so not limited to two-camera devices, not limited to one-camera devices, not even limited to anything handheld. And I imagine you will tell me there's a ton of prior art preceding this patent because this patent did not invent computer devices that do optical sensing, that there was a lot of optical sensing. That field of endeavor doesn't even require, unless I'm mistaken, actuation of processors in response to the sensing, right? I believe that's correct. So your argument to me, is your argument to me that this field of endeavor is not limited to the point of novelty and is in fact much broader? Absolutely, yes. Just to clarify the record, just on more of the APA point, what exactly did you say in your response? I mean, the other side characterized it that you just said, well, they haven't identified a field of endeavor. Did you make any of the, you didn't come up with the field that the board ultimately came up with, right? Did you come up with an alternative field of endeavor? We did not suggest an alternative field of endeavor. Did you express any reason to criticize the other side's field of endeavor that the other side presented? What we specifically did, Your Honor, at appendix 283 and 284, is we stated that the petitioner had failed to establish that man is analogous art and thus man cannot be used in an obviousness objection. And then at page 284, we contended that the petitioner had not identified a field of endeavor for either the 924 patent or for man. Instead, they found teachings in the two documents that allegedly overlap and then deemed the two documents as belonging to the same field of endeavor because of the alleged overlap. Petitioner has not met this burden and thus petitioner has not established that man passes the first test for analogous art. So you didn't even, because you didn't understand them to address reasonably pertinent to the problem the inventor was trying to solve and the board ultimately concluded they waived any arguments with regard to that, you addressed only the first test, which is the relevant field of endeavor, in your response because that's what you understood them to argue in the petition. That's correct, Your Honor. Anything further? I have nothing further to report unless there are other questions. Thank you. Thank you. Your Honor, just quickly in response to that, I think my friend on the other side here is acknowledging that they didn't offer any alternative here in this report but in their reply, in their patent and response, they didn't say, you know, man is not analogous art. They're really just saying it was improper to identify overlap. No, they say it doesn't fall within the first step test for analogous arts. They expressly say that. Patent and response at page 284. Petitioner has not met its burden. Petitioner has not established that man passes the first test for analogous arts. That is, petitioner hasn't established it's not in the field of endeavor. So the reason they're saying that we haven't established that man passes the first test is because we have not identified a field of endeavor, which it's not because they're saying man is something else or because the field of endeavor is not broad enough to encompass camera systems controlled by gesture input. I guess, Your Honor. Your view, I guess, is that you had no idea in this circumstance that they would disagree with whatever field of endeavor was then later identified. Yes, Your Honor. And I mean, we certainly understood them to be making a fundamental procedural argument about we didn't kind of use the magic words. And that's also the way it was, you know, discussed in the hearing. I think if you go to appendix 446 to 447, you know, we're saying the patent owner hasn't said here's one true accurate field of endeavor, here's why the petitioner is wrong. They're pointing out inconsistencies. From where I'm sitting, for what it's worth, this issue is coming up a lot from IPRs. And parties should probably be aware of that and make sure they're devoting the time that they need to in their briefing before the board to make sure they're covering every possible argument for analogous art. Step one. Step two. Providing different possible alternative arguments on the field of endeavor. And none of that was done here. And that's problematic because it's hard to say that the board made a factual error when arguments weren't made, right? I do understand what you're saying. I think in this case the fact that the patent is consistently talking about replacing things with this camera-based sensing is a good indication that it shouldn't be limited to the camera-based sensing. And I think the prosecution history further buttresses that conclusion. But if this court has no further questions. I thank both counsel for their argument. And I, again, appreciate that to the extent that I criticized what happened before the IPR, you were not the attorney who I was criticizing. So I just want to put that on the record for your benefit. Thank both counsel for the argument. And this case is taken under submission.